This matter came before me on exceptions to the master's report relative to the indebtedness of Adam Frank to the West Ridgelawn Cemetery. The matter was referred to Mr. Samuel S. Stern, one of the special masters of this court, to determine the amount due, if any.
The master found that there was due from the defendants the sum of $9,335.55. The testimony before the special master *Page 379 
was voluminous and showed co-mingling of funds of the defendant Adam Frank with money of the West Ridgelawn Cemetery.
Where a trustee co-mingles funds of a cestui que trust with those of his own, the court will hold such trustee to a strict accountability and any doubt will be resolved against the trustee. Industrial Coatings Co. v. Bick, 119 N.J. Eq. 5.
It appeared from the testimony that Adam Frank was in charge of the affairs of the West Ridgelawn Cemetery and that the books of the cemetery were kept by him or under his control. Apparently the records submitted by Mr. Frank were all the records of the cemetery. From these records and from the testimony it is difficult to determine the exact financial situation in which the cemetery was placed. The records were conflicting and meager both as to disbursements and receipts of money. Records of the transactions were carelessly kept and difficult to understand. It appears certain, however, that there was a mingling of personal transactions of Mr. Frank with the transactions of the cemetery without proper identification of the various items.
Exceptions to the master's report were filed both by Mr. Frank and by the receiver. Mr. Frank claims that he was not indebted to the West Ridgelawn Cemetery but that the cemetery was indebted to him. The receiver claimed that by reason of a resolution of the board of trustees of the West Ridgelawn Cemetery adopted at a meeting held on February 14th, 1906, Mr. Frank was not entitled to a salary for the years 1922 to 1926, inclusive, and that also the master should not have allowed a credit of $2,697.02 for balance of salaries due to Mr. Frank for the years 1926 to 1931. The receiver also claimed that credit should not have been given to Mr. Frank for money advanced to the cemetery by Walter L. Frank which amounted to $4,752.42. The master found that there was a question as to whether the resolution, above referred to, was in effect at the time the salaries were claimed and, therefore, gave Mr. Frank the benefit of the doubt.
After considering the voluminous evidence and the many exhibits and after reading the report of the master and comparing it with the evidence, I have concluded that the result *Page 380 
reached by the master was fair and equitable and that Mr. Frank was allowed every credit which could be said to be justly due. It, therefore, appears to me that the report should be approved.